**Darryl OLESEN, Jr., by his mother and next friend, Delores Z. OLESEN, Plaintiffs,**

v.

**BOARD OF EDUCATION OF SCHOOL DISTRICT NO. 228, et al., Defendants.**

No. 87 C 7757.

United States District Court, N.D. Illinois, E.D.

Dec. 1, 1987.

Delores Z. Olesen, pro se.

Richard P. Steinken, Mark A. Dupont, Michelle J. Gilbert, Jenner & Block, Chicago, Ill., for plaintiffs.

Robert H. Ellch, Alan T. Sraga, John M. Izzo, Scariano, Kula, Ellch & Himes, Chtd., Chicago Heights, Ill., Mary C. O'Connor, Gary Kostow, Clausen, Miller, Gorman, Caffrey & Witous, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

PLUNKETT, District Judge.

This case is about a boy, a school board and a rule. The boy is the plaintiff Darryl Olesen, Jr., a senior at Bremen High School in Midlothian, Illinois. The school board is the Board of Education of School District No. 228 which is responsible for the operation of four high schools including Bremen. The Board's rule forbids all gang activities

at the schools, including the wearing of gang symbols, jewelry and emblems. The wearing of earrings by male students is included in that ban.

Darryl Olesen wishes to wear an earring to Bremen because he believes it expresses his individuality and may be attractive to the young women in his school. He has worn his earring to school on several occasions, each time with identical results—he has been suspended. Olesen now challenges the constitutionality of the school rule claiming that it violates his right of free speech and expression under the First Amendment and his right to equal protection under the Fourteenth Amendment. (The ban does not, on its face, forbid earrings on girls.) Olesen seeks an injunction against the enforcement of the school policy and an expungement from his school records of all disciplinary action taken against him under the school rule.

In order to establish his right to the injunction he seeks, Olesen must demonstrate that he has (1) no adequate remedy at law; (2) some likelihood of success on the merits; (3) the balance of equity in his favor; and (4) public interest on his side. *A.J. Canfield Co. v. Vess Beverages, Inc.*, 796 F.2d 903, 906 (7th Cir.1986). We hold that Olesen has failed to meet all but the first of these criteria and thus deny his request for an injunction. We will discuss only his likelihood of success on the merits because it is dispositive not only of his present motion, but of his entire case. In doing so we return to the boy, the school board and the rule.

### The Boy

Darryl Olesen is in his fourth but not his final year at Bremen. He began high school with considerable promise. His pre-admission test showed him to be bright and he was placed in several advanced courses in his freshman year. At the end of that year his grades, with few exceptions, were good and his attendance consistent. His next two and a half years have witnessed a steady erosion of his earlier promise. He now misses more classes than he attends and fails more courses than he passes. He has attended meetings of the Simon City Royals, a large gang of youths with members at Bremen. He claims not to be affiliated with that gang, but his protest is difficult to accept. The Simon City Royals, like other gangs, advertise their presence at the school with symbols and emblems including a cross, a pitchfork and a six-pointed star. Olesen's "favorite" earring has a cross appended to it. He disavows any connection between that earring and the Simon City Royals and we will give him the benefit of the doubt. We will accept that his earring is solely an effort to express his own individuality. He does not credibly claim that it makes any other statement.

### The School Board

School Board No. 228, like other school boards, has been forced to meet a gang problem in its schools. Between 1981 and 1985 the Board discovered that: (a) students had been intimidated by gang members both in and around the schools; (b) gang members were attempting to recruit new members in the school buildings; (c) many students were afraid of gang members and often reluctant to come to school; (d) acts of violence occurred on school grounds which resulted from warring factions in competing gangs.

The Board sought the assistance of the local police, parents and other school boards who had more experience with the problem. The Board concluded that it needed a comprehensive policy which would prevent gangs from operating in its schools. In 1984 it enacted a gang policy which it applied to all high school students in its district.

### The Rule

The Board's policy banned the wearing or display of any gang symbol, any act or speech showing gang affiliation and any conduct in furtherance of gang activity.*

* *Policy of the Board of Education of School District No. 228, Cook County, Illinois Prohibiting*

*Gangs and Gang Activities* (Adopted on 4–24–84)

The Board policy did not specifically ban the wearing of earrings. The Board recognized, however, that each school might effectuate the gang policy in different ways. The administration at Bremen concluded that many of the male students at that school wear earrings to demonstrate their gang affiliation. Accordingly, Bremen's handbook of rules for students not only contained the Board's anti-gang policy, but also a specific prohibition against the wearing of earrings by male students. The earring prohibition is contained in the student dress code section because the Bremen administration believes that the students were more likely to read the dress code.

The Board's gang policy has been successful. Both the Principal and the Dean of Students at Bremen testified that gang activities, once threatening to pervade the school, have been brought under control.

### The Law and the Federal Court

The Board of Education of School District No. 228 is elected by the citizens of that district to oversee the operation of its high schools. That Board has the responsibility to teach not only English and History, but the role of young men and women in our democratic society. Students learn to think and to question. But students are also expected to learn the rules which govern their behavior not only in school but in society. They are taught that they have individual rights and that those rights must be balanced with the rights of others. The direction and manner of this instruction rests with the Board, not the federal court.

*See Bethel Dist. No. 403 v. Fraser,* —— U.S. ——, 106 S.Ct. 3159, 92 L.Ed.2d 549 (1986).

■ Olesen claims that the school's anti-gang policy which includes a prohibition against males wearing earrings violates his right of free speech and expression. We disagree. In order to claim the protection of the First Amendment, Olesen must demonstrate that his conduct intended "to convey a particularized message … and … the likelihood [is] great that the message would be understood by those who viewed it." *Spence v. Washington,* 418 U.S. 405, 410–11, 94 S.Ct. 2727, 2730, 41 L.Ed.2d 842 (1974). Olesen's only message is one of his "individuality." In order to send that message, he is willing to violate school rules designed to protect him and his fellow students. We find that his "message" is not within the protected scope of the First Amendment. *See, e.g., Fowler v. Board of Education of Lincoln County, Kentucky,* 819 F.2d 657 (6th Cir.1987).

In so finding we are not troubled by the Seventh Circuit's decisions respecting a school's attempted regulation of hair length. *Breen v. Kahl,* 419 F.2d 1034 (1969); *Crews v. Cloncs,* 432 F.2d 1259 (1970). As those cases recognize, the First Amendment does not necessarily protect an individual's appearance from all state regulation. Those who challenge such regulation must show the absence of a rational connection between the policy and the accomplishment of a public purpose. *Pence v. Rosenquist,* 573 F.2d 395 (7th Cir.1978).

This Board of Education feels that the presence of gangs and gang activities can cause a substantial disruption of or material interferences with school and school activities. A "gang" as defined in this policy is any group of two or more persons whose purposes include the commission of illegal acts. By this policy, the Board of Education acts to prohibit existence of gangs and gang activities as follows:

No student on or about school property or at any school activity:

1. Shall wear, possess, use, distribute, display or sell any clothing, jewelry, emblem, badge, symbol, sign or other things which are evidence of membership or affiliation in any gang
2. Shall commit any act or omission, or use any speech, either verbal or non-verbal (gestures, hand-shakes, etc.) showing membership or affiliation in a gang
3. Shall use any speech or commit any act or omission in furtherance of the interests of any gang or gang activity, including, but not limited to:
   a. soliciting others for membership in any gangs
   b. requesting any person to pay protection or otherwise intimidating or threatening any person
   c. committing any other illegal act or other violation of school district policies
   d. inciting other students to act with physical violence upon any other person.

 

In the hair length cases, the Board was unable to articulate a rational basis for its rule. Here, by contrast, the Board has convincingly enunciated a rationale directly related to the safety and well-being of its students—curtailment of gang activities. Further, the stricture involved here requires only that the student not wear his earring during school hours and on school grounds. *Breen* and *Crews* struck down regulations which dictated the students' appearance both in and out of school. We find that the Board's gang policy is rational and does not unconstitutionally curtail a student's freedom to choose his own appearance. *See Kelley v. Johnson*, 425 U.S. 238, 96 S.Ct. 1440, 47 L.Ed.2d 708 (1976).

■ As mentioned earlier, Olesen has also mounted an assault against the policy on the grounds of equal protection—the school forbids earrings on boys, but not on girls. That argument need not detain us for long. Olesen must show that the gender-based classification does not substantially relate to a legitimate government objective. *O'Connor v. Board of Education of School District No. 23*, 645 F.2d 578 (7th Cir.1981). Olesen has failed to do so. The Board members and Bremen's administrators have recognized that the wearing of earrings by males generally connote gang membership. While girls may be gang members, they symbolize their affiliation in other ways—ways that are also prohibited by the school policy. We find no unconstitutional gender-based discrimination here.

### Conclusion

Although not necessary to this decision, we also find that Olesen has not demonstrated that the balancing of equities or the public interest favors his position. For the reasons stated above, Olesen's motion for a temporary injunction and other relief is denied. We believe that the hearing has demonstrated that Olesen's claim is devoid of merit and accordingly his complaint is dismissed. Darryl Olesen may yet fulfill the promise he once showed. If he does, perhaps it will be aided by his lesson here. Society recognizes and protects the rights of individuals, but it must strike a balance between those rights and the rights of others.